UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL, | No. 2:15-cv-00579 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

On March 13, 2015, plaintiff filed his initial complaint, together with an application to proceed in forma pauperis, and a letter requesting that the complaint remain under seal.

I. Standard re: Request to Seal

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of

access and the public policies favoring disclosure.  See id. at 1178–79.

The Ninth Circuit has identified two standards that potentially apply when evaluating requests to seal documents.  A party seeking to seal documents constituting "private materials unearthed during discovery" or to maintain such documents under seal when attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard in the case of non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotations and citations to Kamakana, 447 F.3d at 1172, omitted).  Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  Kamakana, 447 F.3d at 1179 (quoting Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev., 798 F.2d 1289, 1294 (9th Cir.1986)).  Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate "compelling reasons" in favor of sealing.  See id. at 1178.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  Id. at 1179 (citing Foltz, 331 F.3d at 1136).

The Ninth Circuit has yet to specify whether a party seeking to seal a complaint, or portions thereof, must meet the "compelling reasons" or "good cause" standard.  But district courts considering the question have generally concluded that the "compelling reasons" standard applies in such situations, as a civil action necessarily arises out of information pled in the complaint, and consequently, the complaint "is at the heart of the interest in ensuring the public's understanding of the judicial process . . . ."  Kamakana, 447 F.3d at 1179 (internal quotation omitted).  See, e.g., In re NVIDIA Corp. Derivative Litig., No. C 06–06110 SBA, 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008) (applying "compelling reasons" standard because "when a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner."); Baldwin v. U.S. 732 F. Supp. 2d 1142, 1145 (D.N. Mar. I. 2010) (applying "compelling reasons" standard because "the underlying

cause of action . . . arises directly out of the information in the exhibit [to the complaint]."); Delphix Corp. v. Actifio, Inc., No. 13–cv–04613–BLF, 2014 WL 4145520 (N.D. Cal. Aug. 20, 2014) (applying "compelling reasons" standard in deciding whether to redact portions of proposed Fourth Amended Complaint).  Accordingly, the court will apply the "compelling reasons" standard herein.

Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Pintos, 605 F.3d at 679 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal.  Nixon, 435 U.S. at 598.  But "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). Consequently, that party must make a "particularized showing of good cause with respect to any individual document." San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Furthermore, parties seeking to seal judicial records filed in this district must comply with the requirements set forth in Local Rule 141.  While many of Local Rule 141's provisions are inapplicable to prisoner plaintiffs, such plaintiffs should nevertheless endeavor to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." Local Rules 141(b).

II. Analysis

Plaintiff's letter fails to set forth "compelling reasons" for sealing the complaint. Ordinarily, the court would at this point unseal the complaint and allow the action to proceed. However, the court is cognizant of the fact that plaintiff is a pro se litigant, is currently

3

incarcerated, and may have been unaware of the requirements which apply to sealing requests. Accordingly, plaintiff will be given three options as to how to proceed:

1. Plaintiff may file a request to seal in which he sets forth "compelling reasons," as set forth in the standard above, for sealing all or portions of the complaint. Plaintiff is advised that the more narrowly-tailored his sealing request, the greater the likelihood that his request will be granted. For example, if plaintiff seeks to redact the name of a third party who is not named as a defendant in his complaint, and is able to demonstrate "specific prejudice or harm," Phillips, 307 F.3d at 1210, that might befall the third party if his or her name were publicly revealed, plaintiff would be likelier to obtain sealing than if he were to seek to seal the complaint as a whole for the same reason. Plaintiff is cautioned that if the court denies his sealing request, the complaint will immediately be unsealed and the action will thereafter proceed.

2. Alternately, plaintiff may file a notice with the court stating that he wishes to immediately unseal the complaint and proceed with the action.

3. Alternately, plaintiff may file a notice requesting dismissal of the action. Under such a circumstance, the court will dismiss the action without prejudice, while retaining plaintiff's complaint under seal indefinitely.[1] However, plaintiff is cautioned that if a defendant or third party brings a motion to unseal the complaint at any point, the court would likely have to order the complaint unsealed in response.

Plaintiff will be granted fourteen days to file a response to this order. In the meantime, the court will maintain the complaint under seal. If plaintiff fails to file a timely response, the complaint will be unsealed and the action will proceed.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal the complaint is denied.

2. Plaintiff is granted fourteen days in which to file one of the following:

---

[1] In so deciding, court is guided by Ninth Circuit opinions recognizing, e.g., pro se litigants' "ignorance of technical procedural requirements," Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990), and "the pro se prisoner litigant['s] . . . unique handicaps of incarceration . . . ." Rand v. Rowland, 154 F.3d 952, 958 (9th Cir.1998).

      a. A request to seal that meets the "compelling reasons" standard outlined above;

      b. Notice that plaintiff wishes to proceed with this action under an unsealed complaint; or

      c. A request for dismissal.

3. The Clerk of the Court is directed to maintain the complaint herein under seal until further order.

4. Plaintiff is cautioned that his failure to timely file a response will result in the unsealing of the complaint.

Dated:  March 26, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0579.req.seal

5