UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0579 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

1   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the

3   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

4   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

5   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6      In the instant case, plaintiff filed the following documents with the court:

7      1. First Amended Complaint ("FAC"), filed April 6, 2015.  (ECF No. 9.)

8      2. Supplemental exhibit to the FAC, filed April 27, 2015.  (ECF No. 10.)

9      3. "Supplemental information," regarding the allegations in the FAC, filed May 26,

10        2015.  (ECF No. 11.)

11      4. "Supplemental [prayer for] relief," filed June 24, 2015.  (ECF No. 14.)

12      5. "Supplemental information," concerning the allegations in the FAC, filed June 24,

13        2015.  (ECF No. 15.)

14      6. "Supplemental information," regarding a 602 medical appeal,[1] filed July 7, 2015.

15        (ECF No. 16.)

16      7. "Supplemental information," regarding a 602 medical appeal, filed July 15, 2015.

17        (ECF No. 17.)

18   Plaintiff is hereby informed that the court cannot refer to documents # 2-7 listed above in

19   order to make the FAC complete for purposes of screening and service.  Local Rule 220 requires

20   that an amended complaint be complete in itself without reference to any other pleading.

21   Accordingly, plaintiff will be granted leave to file a second amended complaint – which consists

22   **only** of a single document plus any necessary exhibits – and is admonished not to make

23   additional, subsequent filings to supplement that complaint.  While the court appreciates

24   plaintiff's solicitousness in promising to "keep this court informed with updated information"

---

[1] The court is uncertain whether plaintiff intends to bring claims herein based on the subject matter of the 602 medical appeal.  Plaintiff is cautioned that "a district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

1  (ECF No. 17 at 1), each additional filing that he makes will only delay the handling of his case.
2  This is particularly true given that "[j]udges in the Eastern District of California carry the heaviest
3  caseloads in the nation, and this Court is unable to devote inordinate time and resources to
4  individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal.
5  2014).

6  The court has determined that the complaint does not contain a short and plain statement
7  as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
8  policy, a complaint must give fair notice and state the elements of the claim plainly and
9  succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff
10 has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be dismissed.
11 The court will, however, grant leave to file a second amended complaint

12 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
13 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
14 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
15 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
16 some affirmative link or connection between a defendant's actions and the claimed deprivation.
17 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
18 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
19 rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20 As it appears that plaintiff is attempting to bring claims under the Eighth Amendment for
21 deliberate indifference to his serious medical needs, plaintiff is advised as follows regarding the
22 standards that govern such a claim.

23 To state a claim for violation of the Eighth Amendment based on inadequate medical care,
24 plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to
25 serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must
26 show both that his medical needs were objectively serious, and that defendant possessed a
27 sufficiently culpable state of mind. Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012),
28 overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc);

1  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

2         To meet the objective element, plaintiff must demonstrate the existence of a serious
3  medical need. Estelle, 429 U.S. at 104. Such need exists if the failure to treat the injury or
4  condition "could result in further significant injury" or cause "the unnecessary and wanton
5  infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and
6  citations omitted). Serious medical needs include "[t]he existence of an injury that a reasonable
7  doctor or patient would find important and worthy of comment or treatment; the presence of a
8  medical condition that significantly affects an individual's daily activities; [and] the existence of
9  chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992),
10 overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

11        Under the subjective element, a prison official is deliberately indifferent only if the
12 official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v.
13 Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on
14 a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of
15 and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of
16 the facts from which the inference could be drawn that a substantial risk of serious harm exists,
17 and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
18 indifference "may appear when prison officials deny, delay or intentionally interfere with medical
19 treatment, or it may be shown by the way in which prison physicians provide medical care."
20 Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the
21 judgment of prison doctors or administrators" when deciding the deliberate indifference element.
22 Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss
23 of his dentures was causing him severe pain and permanent physical damage, three month delay
24 in providing pain relief and soft food diet constituted Eighth Amendment violation).

25        Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
26 at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a
27 plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th
28 Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059.

In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm, 680 F.3d at 1123 (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Thus, plaintiff is advised that, in setting forth the allegations of his second amended complaint, he should set forth specific instances where each defendant allegedly violated plaintiff's Eighth Amendment rights in addressing plaintiff's medical needs, and set forth facts

demonstrating how each defendant's act or failure to act constitutes deliberate indifference to plaintiff's serious medical needs.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes prior versions of the complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, prior versions of the complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's first amended complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a.  The completed Notice of Amendment; and

   b.  An original and one copy of the second amended complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."   Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

////

5.  The Clerk of the Court is directed to send plaintiff the forms necessary to file a prisoner civil rights complaint.

Dated:  September 30, 2015

/harr0579.14.new

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>    Defendants. | No. 2:15-cv-0579 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____                Amended Complaint

DATED:

                                                _____
                                                Plaintiff