UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL, | No. 2:15-cv-0579 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  (See ECF No. 6.)  Plaintiff's second amended complaint (ECF No. 25) and motion for a temporary restraining order (ECF No. 26) are now before the court.

I.  Screening of Second Amended Complaint

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his second amended complaint, plaintiff alleges that the named defendants have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Plaintiff's claim is based on defendants' alleged failure to provide him with the prescription medication Harvoni, which is used to treat Hepatitis C genotype 1, from which plaintiff suffers. (ECF No. 25 at 3.) Plaintiff alleges that Harvoni has a 94% - 99% cure rate for this condition. (Id. at 5.) Plaintiff seeks unspecified injunctive and declaratory relief, though the court infers from the content of the complaint that plaintiff seeks an order compelling defendants to prescribe him Harvoni. (See id. at 3.)

Attached as exhibits to the second amended complaint are responses to administrative grievances that plaintiff has filed regarding defendants' alleged failure to prescribe him Harvoni.[1]

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

(See id. at 43-44, 49-50, 51-52.) The most recent of these, a second level response dated August 5, 2015, notes the following regarding plaintiff's symptoms: "[Your appeal] indicated that you are suffering a great deal of fatigue and your liver is bothering you, giving you a great deal of discomfort. You also indicate the discomfort is especially noticeable when your stomach is empty." (Id. at 49-50.) The second level response also provides:

> You were evaluated and examined by Dr. Awatani on July 10, 2015, to address your request for Hep C treatment using the drug, Harvoni. Dr. Awatani documented that she reviewed your medical records, including the most recent laboratory results of July 1, 2015, which showed a Fib-4 score of 1.18. Dr. Awatani also documented [that] she explained, in great detail, the progression of Hep C disease; and, the likelihood of progression to cirrhosis of the liver is only in approximately 10-20% of patients. Dr. Awatani documented [that] she also explained the California Correctional Health Care Services' (CCHCS) protocol and policies for Hep C treatment; and, further explained that you do not meet the criteria at this time based on your most recent Fib-4 score of 1.18.

(Id. at 49.) On the basis of these facts, plaintiff's grievance was denied "based on the fact that CCHCP[2] protocol has not changed . . . [and] further discussion with your [primary care physician] may be required to discuss the possibility that Harvoni may have possible adverse affects (sic) with other medications you are currently taking at this time." (Id. at 50.)

As currently pled, plaintiff's second amended complaint fails to state a claim for relief under Section 1983. A prison physician is not deliberately indifferent to an inmate's serious medical need when the physician prescribes a different method of treatment than that requested by the inmate. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) ("[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim."); Leandry v. Cnty. of Los Angeles, 352 Fed. Appx. 214, 216 (9th Cir. 2013) ("[A] difference of opinion between medical professionals concerning a diagnosis or appropriate course of treatment does not amount to deliberate indifference to serious medical needs . . . nor does a difference of opinion between the physician and the prisoner . . . .") (citations omitted). To establish that a difference of opinion amounts to deliberate indifference,

---

[2] As the term "CCHCP" is not defined elsewhere in the response, the court assumes that the document's author intended to write "CCHCS."

the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (finding that "a reasonable jury could conclude that the decision of the non-treating, non-specialist physicians to repeatedly deny the recommendations for surgery was medically unacceptable under the circumstances"), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). The allegations in plaintiff's second amended complaint fail to meet this demanding standard.

The second amended complaint is also deficient in that plaintiff has failed to specify how each of the named defendants – Solano County Jail, California Forensic Medical Group, Inc., California Department of Corrections and Rehabilitation, Deuel Vocational Institution, Dr. Leo, Dr. Awatoni, Folsom State Prison, Dr. Lee, and California Correctional Health Care Services – is responsible for plaintiff's alleged injuries. Plaintiff is cautioned that the Eleventh Amendment prohibits federal courts from hearing Section 1983 lawsuits in which injunctive relief is sought against state agencies, such as CDCR and individual prisons, absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir.2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho,

4

1  521 U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123). In any amended complaint that
2  he may file, plaintiff should carefully consider whom he may properly name as a defendant in this
3  action.

4  Based on the foregoing, the court has determined that the second amended complaint does
5  not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the
6  Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
7  elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649
8  (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which
9  defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply
10 with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be
11 dismissed. The court will, however, grant leave to file a third amended complaint.

12 If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the
13 conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
14 statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended
15 complaint must allege in specific terms how each named defendant is involved. There can be no
16 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
17 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
18 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
19 1978). Furthermore, vague and conclusory allegations of official participation in civil rights
20 violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21 Although the court has previously provided plaintiff with the applicable standards for
22 stating a claim under the Eighth Amendment for inadequate medical care, out of an abundance of
23 caution, the court will do so again.

24 To state a claim for violation of the Eighth Amendment based on inadequate medical care,
25 plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to
26 serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must
27 show both that his medical needs were objectively serious, and that defendant possessed a
28 sufficiently culpable state of mind. Snow, 681 F.3d at 982; Wilson v. Seiter, 501 U.S. 294, 297-

99 (1991).

To meet the objective element, plaintiff must demonstrate the existence of a serious medical need. Estelle, 429 U.S. at 104. Such need exists if the failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and citations omitted). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Under the subjective element, a prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the judgment of prison doctors or administrators" when deciding the deliberate indifference element. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss of his dentures was causing him severe pain and permanent physical damage, three month delay in providing pain relief and soft food diet constituted Eighth Amendment violation).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059.

In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim." Franklin, 662 F.2d at 1344. To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson, 90 F.3d at 332; see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Therefore, plaintiff is advised that, in setting forth the allegations of his third amended complaint, he should set forth specific instances where each defendant allegedly violated plaintiff's Eighth Amendment rights in addressing plaintiff's medical needs, and set forth facts demonstrating how each defendant's act or failure to act constitutes deliberate indifference to

plaintiff's serious medical needs. While plaintiff is permitted to refer to attached exhibits in the body of a complaint, Fed. R. Civ. P. 10(c), he should first set forth the pertinent factual allegations in the complaint and then provide a precise reference to any exhibit on which he relies, rather than relying on the court to piece together the elements of his claim from the content of the exhibits.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Temporary Restraining Order

Plaintiff moves for a temporary restraining order[3] compelling defendants to prescribe him Harvoni. (ECF No. 26.)

A. Standard

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also Aiello v. OneWest Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.")

---

[3] Though framed as a motion for a preliminary injunction, the filing in question more closely resembles a motion for a temporary restraining order, and is therefore treated as one herein.

1 (internal quotation and citations omitted).

2     The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

    Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

    The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

    B.   Analysis

    Per the standard set forth above, in order to be granted a temporary restraining order, plaintiff must either show that he is likely to succeed on the merits of a claim that would entitle him to injunctive relief, Winter, 555 U.S. at 20, or that he has raised serious questions going to the merits of his case, Alliance for Wild Rockies, 632 F.3d at 1134-35. Due to the same reason for which the court found that plaintiff's second amended complaint fails to state a claim for

9

relief – that a difference of medical opinion, in and of itself, does not violate the Eighth Amendment – the court must deny the instant motion for a temporary restraining order. As a difference of medical opinion, standing alone, simply does not rise to the level of a constitutional violation, plaintiff is neither likely to succeed on, nor has he raised serious questions regarding, the merits of his claim.

Because plaintiff has failed to demonstrate that his claim has the requisite merit for issuance of preliminary injunctive relief, the court need not address the adequacy of plaintiff's showing regarding irreparable harm, the balance of the equities presented, or the public interest in the issuance of the requested relief.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for a temporary restraining order (ECF No. 26) is denied.

Dated: November 3, 2015

/harr0579.14amd.new+tro

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE