UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL,  Plaintiff,  v.  CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,  Defendants. | No. 2:15-cv-0579 KJN P  ORDER |

Plaintiff is a state prisoner, who proceeds in forma pauperis and without counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). (See ECF No. 6.) Plaintiff's motion to file an amended complaint and motion for a temporary restraining order are now before the court.

I. Leave to File an Amended Complaint

On December 7, 2015, plaintiff filed his third amended complaint. (ECF No. 28.) He simultaneously filed a motion seeking 60 days' leave to file a supplemental state law claim. (ECF No. 30.) The court construes plaintiff's motion as a motion for leave to file a fourth amended complaint, and grants the motion. Plaintiff is cautioned that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

1

1  This requirement is because, as a general rule, an amended complaint supersedes any prior
2  complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth
3  amended complaint, prior versions of the complaint no longer serve any function in the case.
4  Therefore, in any fourth amended complaint, as in an original complaint, each claim and the
5  involvement of each defendant must be sufficiently alleged.

6  II.  Temporary Restraining Order

7      Plaintiff once again moves for a temporary restraining order compelling defendants to
8  prescribe him Harvoni for "genotype 1 chronic hepatit[i]s C."  (ECF No. 29 at 9.)  By order filed
9  November 3, 2015, the court denied plaintiff's prior motion for a temporary restraining order
10 seeking the same relief.

11     A.  Standard

12     A temporary restraining order is an extraordinary and temporary "fix" that the court may
13 issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
14 "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
15 before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose
16 of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See Fed. R.
17 Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as
18 a motion for preliminary injunction.  Local Rule 231(a); see also Aiello v. OneWest Bank, No.
19 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary
20 restraining orders are governed by the same standard applicable to preliminary injunctions.")
21 (internal quotation and citations omitted).

22     The party requesting preliminary injunctive relief must show that "he is likely to succeed
23 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
24 the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.
25 Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief
26 hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
27 Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

28 ////

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

B. Analysis

In support of his current motion, plaintiff writes:

> Defendants claim that my Fib-4 score does not meet the requirements of (CCHCS) California Correctional Health Care Services to receive treatment for Hepatitis C is insufficient. The Plaintiff should not have to wait until this disease causes more damage to my liver – cirrhosis before receiving treatment.

(sic) (ECF No. 29 at 7.)

At bottom, plaintiff appears to be challenging a policy decision of the California Correctional Health Care Services ("CCHCS"). The court takes judicial notice, pursuant to Federal Rule of Evidence 201(b), of the CCCHS Hepatitis C Care Guide (October 2015), available at http://www.cphcs.ca.gov/docs/careguides/Hepatitis C Care Guide.pdf , which includes a decision tree setting forth the process of approving inmates for Hepatitis C treatment. The Fib4 value appears to play a critical role in this decision tree.

////

3

The court recognizes that Hepatitis C may qualify as a serious medical need. See Erickson v. Pardus, 551 U.S. 89 (2007) (reversing an order to dismiss an Eighth Amendment claim based on removal from a Hepatitis C treatment program); Tatum v. Winslow, 122 Fed. Appx. 309 (9th Cir. 2005) (affirming denial of motion to dismiss Eighth Amendment claim regarding Hepatitis C treatment).

The court also recognizes that a prisoner plaintiff may challenge a prison policy through a § 1983 action. See, e.g., Johnson v. California, 543 U.S. 499, 508–511 (2005) (finding that prison policy of racial segregation was not subject to a deferential standard of review).

Nevertheless, plaintiff has failed to show "that he is likely to suffer irreparable harm in the absence of preliminary relief." Winter, 555 U.S. at 20. Plaintiff asserts that the following harms may or will result if the court fails to order the injunctive relief sought: (i) he will continue to suffer from Hepatitis C symptoms (ECF No. 29 at 5), (ii) he will continue to refrain from ingesting psychotropic anti-psychotic medication for fear that it may be fatal (id.), (iii) he may infect others with Hepatitis C through unprotected sex (id. at 6), and (iv) he may develop cirrhosis (id. at 7).[1]

The court is sympathetic to the fact that plaintiff is suffering from Hepatitis C. However, none of these four assertions constitutes a sufficient showing of a *likely*, *irreparable* harm in the absence of the requested treatment. At such time as plaintiff prevails in his suit, or receives treatment through CCHCS or another medical provider, he will presumably no longer suffer from Hepatitis C; therefore, his symptoms are therefore not irreparable. Plaintiff does not explain what effect his decision not to take psychotropic anti-psychotic medication will have on him, nor has he provided any information regarding CCHCS physicians' view of the safety of taking that medication, meaning that he has failed to demonstrate any likelihood of irreparable harm. Plaintiff is free to abstain from sexual activity or else to use condoms, meaning that transmission of Hepatitis C is not likely absent plaintiff's own decision to engage in activity that places others

---

[1] Plaintiff also asserts that an unnamed "newly found" religion requires him to consume Harvoni for 12 weeks as part of a religious diet. (ECF No. 29 at 5, 8.) Setting aside the implausibility of this assertion, plaintiff has failed to describe a likely, irreparable harm resulting from a failure to meet this requirement.

at risk. Finally, plaintiff asserts a possibility, not a likelihood, that he may develop cirrhosis without treatment.

Accordingly, as plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of the requested injunction, the court cannot award the relief sought.

Because plaintiff has failed to demonstrate the requisite likelihood of irreparable harm absent issuance of preliminary injunctive relief, the court need not address the adequacy of plaintiff's showing regarding his likelihood of success on the merits, the balance of the equities presented, or the public interest in the issuance of the requested relief.

The court concludes by observing that plaintiff appears to be trying to reframe existing allegations regarding his medical condition in order to convince the court that he should be administered Harvoni. Plaintiff is cautioned to cease any further such attempts, as they are likely to be futile, unnecessarily drain the court's resources, and may ultimately lead to sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11.

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 30) is granted.

2. Plaintiff is granted sixty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for a temporary restraining order (ECF No. 29) is denied.

Dated: December 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr0579.lta+tro