UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>　　　　　Defendant. | No.  2:15-cv-0579 DB P<br><br><br>ORDER |

   Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.  On April 20, 2016, plaintiff filed his third motion for a temporary restraining order compelling defendants to prescribe him Harvoni for "genotype 1 Hepatitis C."  (ECF No. 37 at 3.)  On August 29, 2016, plaintiff filed a "Request for Judicial Notice" in which he updates some of this health information and contends that defendants are intentionally inflicting emotional distress by refusing to provide him Harvoni.  By orders filed November 3, 2015 and December 9, 2015, the court denied plaintiff's prior motions for a temporary restraining order seeking the same relief.  (ECF Nos. 27, 31.)   In December, the court warned plaintiff that any further attempts to convince the court that he should be prescribed Harvoni are likely to be futile and, because they unnecessarily drain the court's resources, may ultimately lead to sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11.  (ECF No. 31 at 5.)

**Legal Standards**

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners

involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

**Analysis**

Plaintiff raises nothing new in his current motion. He simply reiterates his desire for treatment with Harvoni and again claims, without support, that he will suffer irreparable liver damage, including "liver cancer or even liver failure," if he does not receive that treatment immediately. (ECF No. 37 at 2.) Plaintiff also states that he is "suffering a substantial amount of chronic pain from the effects of this disease." (Id.) In his recent request for judicial notice, plaintiff adds an allegation that defendants are intentionally causing him emotional distress by denying him Harvoni. (ECF No. 42 at 5.) Plaintiff provides a copy of a "Mental Health Referral Chrono" dated August 8, 2016, which states that plaintiff has a history of psychiatric care and needs re-assessment because plaintiff was "extremely agitated and upset that his Hep C is not being treated." He also points to what appears to be a doctor's handwritten note showing that his "Fib-4" level has increased from .96 in June 2015 to 1.09 in June 2016. (Id. at 9.) The note also includes the handwritten comment: "A Fib-4 of >1.45 is required to be considered for treatment per CDCR guidelines." (Id.)

This court has previously addressed plaintiff's challenges to both the doctors' decisions not to prescribe Harvoni and to the policy of the California Correctional Health Care Services ("CCHCS") regarding when treatment for Hepatitis C is appropriate. (See ECF Nos. 27 and 31.) Plaintiff has again failed to show he will suffer irreparable harm in the absence of preliminary relief. Plaintiff's allegations regarding pain, emotional distress, and a slight increase in his Fib-4 level do not show that he will be irreparably harmed if he is not prescribed Harvoni. Because plaintiff has failed to demonstrate the requisite likelihood of irreparable harm absent issuance of preliminary injunctive relief, the court need not address the adequacy of plaintiff's showing regarding his likelihood of success on the merits, the balance of the equities presented, or the public interest in the issuance of the requested relief.

////

1   Plaintiff was warned in December that he may not continually file motions seeking the
2   same relief without consequences.  Under Federal Rule of Civil Procedure 11(b), a prisoner's
3   claims are considered frivolous if they "merely repeat[] pending or previously litigated claims."
4   <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (quoting <u>Bailey v. Johnson</u>, 846
5   F.2d 1019, 1021 (5th Cir.1988)).  Sanctions for violation of Rule 11(b) may include dismissal of
6   the plaintiff's case.  <u>See</u> <u>Bell v. Harrington</u>, No. 1:12-cv-0349-LJO-GBC (PC), 2012 WL 893815,
7   *9 (E.D. Cal. Mar. 15, 2012).  Plaintiff is advised that further motions for injunctive relief to
8   obtain a prescription for Harvoni will likely result in dismissal of this action.

9   For the foregoing reasons, plaintiff's April 20, 2016 Motion for Preliminary Injunction
10  and Temporary Restraining Order (ECF No. 37) is DENIED.

11  Dated:  September 26, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Harr0579.tro(3)