UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>    Defendant. | No. 2:15-cv-0579 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants' failure to provide him with the prescription medication Harvoni constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment and Fourteenth Amendments. Plaintiff's fourth amended complaint is before the court for screening. For the reasons set forth below, the court will dismiss plaintiff's complaint and provide him one final opportunity to amend.

**BACKGROUND**

Plaintiff initiated this action in March 2015. Plaintiff attempted to file his original complaint under seal. (ECF No. 1.) That request was denied and plaintiff was given the opportunity to file an amended complaint. (ECF No. 5.) Plaintiff filed a first amended complaint and numerous supplements to it between April and July 2015. (ECF Nos. 9, 10, 11, 14, 15, 16,

1

17.)  On screening, the court permitted plaintiff to file a second amended complaint in order to make his complaint a single document as required by Local Rule 220.  (ECF No. 20.)

Plaintiff filed a second amended complaint on October 28, 2015.  (ECF No. 25.)  The court found that plaintiff failed to state a cognizable Eighth Amendment claim because he had not shown the treatment doctors chose for his Hepatitis C was "medically unacceptable under the circumstances" or how each of the named defendants was responsible for plaintiff's injuries.  (ECF No. 27.)  Plaintiff was again given an opportunity to file a third amended complaint.

Plaintiff filed a third amended complaint and, before it was screened, filed a request to amend that complaint to include a state law claim.  (ECF Nos. 28, 30.)  That request was granted.  (ECF No. 31.)  On April 20, 2016, plaintiff filed a fourth amended complaint.  (ECF No. 38.)  As attachments to the complaint, plaintiff filed a document entitled "Notice of Amendment."  (ECF No. 38-2.)  Therein, plaintiff states that he is submitting a second document in compliance with the court's order permitting plaintiff to file a third amended complaint.  The second document plaintiff attached is titled "Second Amendment to Claim."  (ECF No. 38-1.)  This document is addressed to the "U.S. Department of Justice, Civil Division . . . Torts Branch, Federal Tort Claims Act Staff" and asks that the document be accepted as an amendment to plaintiff's "administrative tort claim."  Plaintiff then repeats his assertion that he is being denied Harvoni.

Plaintiff has also filed several requests for an injunction to force the prison to provide him Harvoni.  Each request was denied.  (ECF Nos. 27, 31, 43.)

## SCREENING

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his

2

complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

**II.    Allegations of the Fourth Amended Complaint**

Plaintiff alleges claims against defendants at various institutions where he was incarcerated starting in 2014.[1]  Plaintiff identifies the following defendants:  (1) California Forensic Medical Group, Inc. ("CFMG"); (2) Dr. Negar, a physician with CFMG who worked at the Solano County Jail ("Jail"); (3) Tom Norris, the liaison for the medical department at the Jail; (4) California Correctional Health Care Services ("CCHCS"), the federal receiver for California's prison health care system; (5) Dr. Leo, a physician with CCHCS at Deuel Vocational Institute ("DVI"); (6) Dr. Awatani, a physician with CCHCS at DVI; and (7) Dr. Lee, a physician with CCHCS at Folsom State Prison ("Folsom").

Plaintiff states that he suffers from Hepatitis C, genotype 1.  The disease has caused him "substantial amounts of chronic pain."  He has been denied the medication Harvoni "or any medication at all to treat [him] for this disease."  Plaintiff states that if the disease is not treated, he will suffer irreparable damage to his liver by scarring and risks liver cancer and liver failure. Plaintiff explains that the FDA approved Harvoni in 2014 to treat Hepatitis C, genotype 1, and it

---

[1] According to a change of address filed with the court in February 2017, it appears that plaintiff may have been released.  (ECF No. 50.)

1  has a 96-99% cure rate.  According to plaintiff, defendants have not updated their plan for

2  treating Hepatitis C to include treatment with Harvoni.  (Fourth Am. Comp. (ECF No. 38 at 3-4).)

3     Plaintiff states that in the summer of 2014, when he was incarcerated at the Solano County

4  Jail, he began requesting treatment for Hepatitis C.  Defendants Norris and Negar saw plaintiff at

5  that time, but they refused to provide him any treatment.  He was told that he did not meet the

6  CFMG guidelines to receive treatment.  (Id. at 4.)

7     Plaintiff was transferred to DVI in May 2015.  He first saw Dr. Matel, who told him treatment

8  with Harvoni may be possible.  However, on June 1, 2015, he saw defendant Dr. Leo, who denied

9  plaintiff's request for that medication.  Plaintiff filed a health care appeal of Dr. Leo's denial.

10 Defendant Awatani interviewed plaintiff about his appeal.  Dr. Awatani told plaintiff he did not

11 meet the requirements for treatment under the CCHCS protocols because his Fib-4 score was too

12 low.  (Id. at 4-5.)

13    Plaintiff was then transferred to Folsom and was assigned Dr. Lee.  Defendant Dr. Lee also

14 denied plaintiff treatment on the same basis that his Fib-4 score was too low.  (Id. at 5.)

15    Plaintiff states that he has exhausted his administrative remedies through the grievance

16 processes available at the Jail and the prisons.  (Id. at 5-6.)

17    Plaintiff contends that by denying him treatment with Harvoni, defendants have been

18 deliberately indifferent to his serious medical needs in violation of his rights under the Eighth

19 Amendment and the Due Process Clause.  Plaintiff also states that the denial of treatment violated

20 his rights under the First Amendment's Free Exercise Clause and his right to procreate because he

21 cannot have a child without giving that child Hepatitis C.  Plaintiff states that he is suffering

22 stress and anguish as a result of the denial of the medication.  (Id. at 6-7.)

23    Plaintiff seeks declaratory relief, a preliminary and permanent injunction, compensatory

24 damages, and costs of suit.

25    **III.   Does Plaintiff State a Cognizable Claim?**

26    Plaintiff asserts he has claims under the Eighth Amendment, the Due Process Clause, the Free

27 Exercise Clause, and his "right to procreate."  However, he fails to state a potentially cognizable

28 claim under any of these bases for relief.

4

### A. Legal Standards

#### 1. Eighth Amendment Deliberate Indifference

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A viable Eighth Amendment medical claim, then, states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. Farmer, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights were violated by inadequate medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

5

Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

### 2. Due Process

A claim alleging denial of medical care arises under the Fourteenth Amendment's Due Process Clause when the prisoner is a pretrial detainee. See Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) (citing Bell v. Wolfish, 441 U.S. 520, 537 n. 16 (1979)). A pretrial detainee's claims alleging denial of medical care are evaluated under the deliberate indifference standard. Id. The Ninth Circuit recently held that a pretrial detainee's deliberate indifference claim under the Fourteenth Amendment is subject to an "objective" deliberate indifference standard which differs from the standard under the Eighth Amendment. Castro v. City of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).[2] A pretrial detainee must show something akin to reckless disregard. Id.

////

---

[2] The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not entirely clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit overruled Clouthier and extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro, 833 F.3d 1060 at 1071. Although Castro did not expressly extend its holding to other Fourteenth Amendment violations, the Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement claims. Other courts have so held. See Campos v. County of Kern, No. 1:14-cv-1099-DAD-JLT, 2017 WL 915294, at *6 (E.D. Cal. Mar. 7, 2017); Peralta v. Fresno County Police Officers, No. 1:16-cv-1921-LJO-SAB, 2017 WL 950278, at *3 (E.D. Cal. Mar. 10, 2017); Williams v. Grant County, No. 2:15-CV-1760-SU, 2016 WL 4745179, at *5 (D. Or. Sept. 12, 2016).

### 3. Free Exercise Clause

The Free Exercise Clause provides, "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. CONST. amend I. Thus, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972). However, as with other First Amendment rights in the inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ] institutional security and preserv[e] internal order and discipline." Bell, 441 U.S. at 549. Thus, prisons may lawfully restrict religious activities for security purposes and other legitimate penological reasons. Turner v. Safley, 482 U.S. 78, 89-90 (1987); Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Furthermore, the Supreme Court has held that generally-applicable laws that incidentally burden a particular religion's practices do not violate the First Amendment. Employment Div. v. Smith, 494 U.S. 872, 878 (1990).

### 4. Right to Procreate

Plaintiff fails to show he has a constitutional right to procreate. The Ninth Circuit has held that prisoner do not have such a right. See Gerber v. Hickman, 291 F.3d 617, 621-22 (9th Cir. 2002).

### B. Discussion

Because plaintiff does not allege a violation of his religious freedoms, plaintiff does not bring a claim cognizable under the Free Exercise Clause. As stated above, because plaintiff does not have a right to procreate, he has no legal basis for a claim based on that right under § 1983. Plaintiff's remaining claims allege deliberate indifference to his serious medical needs under the Eighth and Fourteenth Amendments. For purposes of screening, the court will assume that plaintiff's Hepatitis C diagnosis constitutes a serious medical need.

To state a claim under the Eighth or Fourteenth Amendment for deliberate indifference to that need, plaintiff must allege that the course of treatment doctors chose was "medically unacceptable under the circumstances" and, for his Eighth Amendment claim, was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); see also Snow v. McDaniel, 681 F.3d 978, 988

(9th Cir. 2012) (finding that "a reasonable jury could conclude that the decision of the non-treating, non-specialist physicians to repeatedly deny the recommendations for surgery was medically unacceptable under the circumstances"), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc).  With respect to all defendants, plaintiff's alleges that he has been denied treatment because he does not meet the guidelines for treatment for Hepatitis C.

As plaintiff was informed previously upon screening of his second amended complaint, showing that a physician prescribed a different course of treatment than that requested by the inmate does not establish deliberate indifference.  (See Nov. 3, 2015 Order (ECF No. 27) at 3 (citing Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) and Leandry v. Cnty. of Los Angeles, 352 Fed. Appx. 214, 216 (9th Cir. 2013).)   Plaintiff does not allege the CFMG and CCHCS guidelines for treating Hepatitis C are medically unsound or that any doctor either failed to follow those guidelines or acted unreasonably or with deliberate indifference in choosing to follow them.

Plaintiff's only allegation about the guidelines is that they have not been updated to include treatment with Harvoni.  With respect to the CCHCS guidelines, that is not the case currently.  Harvoni is listed as a medication for the treatment of Hepatitis C in the CCHCS Care Guide for Hepatitis C updated in January 2017. [3]  It is not clear which guidelines doctors employed by CFMG used.  In any event, the fact that Harvoni is listed as a treatment does not change the determination of doctors, based on the guidelines, about whether plaintiff qualifies for treatment.  Nor does the fact Harvoni is listed as a possible treatment change the question of whether any defendant acted with deliberate indifference in denying plaintiff the treatment he seeks.  In sum, plaintiff fails to allege that defendants were deliberately indifferent to a serious medical need.  The court will provide plaintiff one final opportunity to amend his complaint to state a claim.

////

---

[3] See http://www.cphcs.ca.gov/docs/careguides/Hepatitis%20C%20Care%20Guide.pdf.  The court may take judicial notice of this document pursuant to Federal Rule of Evidence 201(b).

**AMENDED COMPLAINT**

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Therefore, plaintiff's attachments to his fourth amended complaint were not considered part of his claims. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's fourth amended complaint (ECF No. 38) is dismissed;
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Fifth Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 21, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0579.fac scrn