UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL, | No. 2:15-cv-0579 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants' refusal to treat him with Hepatitis C medication violates various constitutional rights. Before the court is plaintiff's motion for an extension of time to file an amended complaint and his sixth amended complaint[1] for screening. While the court is sympathetic to plaintiff's concerns about the potential effects of Hepatitis C, the court finds below that plaintiff has, again, failed to state a cognizable claim for relief under § 1983. Plaintiff has had multiple opportunities, over several years, to allege a

////

---

[1] Plaintiff identifies the most recent complaint as his fifth amended complaint. However, as set forth below, he filed six prior complaints in this case. Therefore, his most recent complaint is his sixth amended complaint.

1

cognizable claim. At this point, this court finds permitting plaintiff further opportunities to amend would be fruitless and will recommend dismissal of this action for failure to state a claim.

**BACKGROUND**

Plaintiff initiated this action in March 2015. The gist of his complaint, and of his six amended complaints, is that he suffers from Hepatitis C and wants to be treated with the prescription medication Harvoni. Plaintiff attempted to file his original complaint under seal. (ECF No. 1.) That request was denied and plaintiff was given the opportunity to file an amended complaint. (ECF No. 5.) Plaintiff filed a first amended complaint and numerous supplements to it between April and July 2015. (ECF Nos. 9, 10, 11, 14, 15, 16, 17.) On screening, the court permitted plaintiff to file a second amended complaint in order to make his complaint a single document as required by Local Rule 220. (ECF No. 20.) In addition, the court instructed plaintiff on the requirements for pleading an Eighth Amendment claim of deliberate indifference. (Id. at 4-7.)

Plaintiff filed a second amended complaint on October 28, 2015. (ECF No. 25.) The court found that plaintiff failed to state a cognizable Eighth Amendment claim because he had not shown the treatment doctors chose for his Hepatitis C was "medically unacceptable under the circumstances" or how each of the named defendants was responsible for plaintiff's injuries. (ECF No. 27.) Plaintiff was again given an opportunity to file an amended complaint and was again instructed on how to state a claim for deliberate indifference. (Id. at 5-8.)

Plaintiff filed a third amended complaint and, before it was screened, filed a request to amend that complaint to include a state law claim. (ECF Nos. 28, 30.) That request was granted. (ECF No. 31.) On April 20, 2016, plaintiff filed a fourth amended complaint. (ECF No. 38.) Plaintiff repeated his assertion that he is being denied Harvoni. The court again found plaintiff failed to state a claim for deliberate indifference. (ECF No. 51.) Plaintiff was once more informed about the legal standards for stating a claim and about the pleading requirements. The court warned plaintiff that he would be given just one last opportunity to state a claim. (Id. at 1.)

Plaintiff then filed an appeal. (ECF Nos. 53, 54.) The Court of Appeals dismissed it for lack of jurisdiction on June 14, 2017. (ECF No. 55.) Thereafter, on July 11, 2017, the court

granted plaintiff's request for an extension of time to file an amended complaint. (ECF 57.) However, the copy of the order served on plaintiff was returned as undeliverable. By October 2017, plaintiff had not updated his address with the court or otherwise resumed prosecution of this action. The court issued an order to show cause why the case should not be dismissed for plaintiff's failure to prosecute. (ECF No. 58.) When plaintiff did not respond, on November 28, 2017, the court recommended this action be dismissed. (ECF No. 60.)

On January 22, 2018, plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 61.) Because plaintiff demonstrated good cause for an extension of time, that request will be granted. Plaintiff also filed objections to the recommended dismissal of this case. Because plaintiff is now resuming prosecution of his case, this court will vacate that recommendation.

Plaintiff filed his fifth amended complaint on January 22, 2018 and, before the court had an opportunity to consider it, he filed a sixth amended complaint on April 2, 2018. (ECF Nos. 62, 65.) The court will consider plaintiff's most recent amended complaint as the complaint he wishes to proceed on.

Plaintiff has also filed several requests for a preliminary injunction to force the prison to provide him Harvoni. The court denied each request. (ECF Nos. 27, 31, 43.)

**SCREENING**

The court has stated the standards for pleading a claim under 42 U.S.C. § 1983 and the legal standards for an Eighth Amendment deliberate indifference claim in three prior orders. (See ECF Nos. 20, 27, 51.) Those standards will not be restated here. Plaintiff's most recent complaint is thoroughly inadequate. Plaintiff simply states that (1) he has Hepatitis C; (2) the disease is causing him a great deal of stress because, among other things, it may lead to liver cancer and liver damage; (3) the medication Harvoni is a cure for Hepatitis C; and (4) he has been denied treatment for his disease. While plaintiff lists a number of defendants, he fails to explain what any of them have done. As plaintiff has been informed numerous times, to allege a claim, he must explain just what each defendant has done to violate his rights under the Eighth Amendment. (See, e.g., Mar. 21, 2017 Order (ECF No. 51) at 9.)

1       It is clear from plaintiff's filings that he is, understandably, very worried about the Hepatitis C diagnosis. However, the fact that he is not receiving the treatment he feels he needs does not establish deliberate indifference. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (citing Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970)).

      The court has screened four of the seven complaints plaintiff filed in this action. Plaintiff has been instructed on the deliberate indifference standards and on the requirements for pleading a cognizable claim under § 1983. Despite these instructions and opportunities, plaintiff has not stated a claim upon which this court could grant relief. The court finds that providing plaintiff any further opportunities to amend his complaint would be futile.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file an amended complaint (ECF No. 61) is granted; and

2. The Findings and Recommendations issued November 28, 2017 (ECF No. 60) are vacated.

      Further, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim under 42 U.S.C. § 1983.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////
////

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0579.fr