UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA FORENSIC MED.<br>GROUP, et al,<br><br>    Defendants. | No. 2:15-cv-0579 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a county prisoner proceeding pro se. On April 5, 2018, this court issued findings and recommendations in which the undersigned recommended denial of plaintiff's action under 42 U.S.C. § 1983 for failure to state a claim for relief. (ECF No. 66.) Plaintiff was advised that any objections to the findings and recommendations were due within fourteen days.

    On April 16, 2018, plaintiff filed a document entitled "Rescinded Magistrate Judge's Findings and Recommendations In Full Accord With The Truth-in-Lending Act." (ECF No. 67.) The court construed that filing as objections to the April 5 findings and recommendations. On May 15, 2018, the district judge adopted the findings and recommendations and dismissed this action. (ECF No. 68.) Judgment was entered on May 15, 2018. (ECF No. 69.)

    On August 27, plaintiff filed a Motion for Relief from Judgment. (ECF No. 71.) For the reasons set forth below, the court recommends denial of the motion.

1

**MOTION FOR RELIEF FROM JUDGMENT**

I.   **Legal Standards**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; ... or (6) any other reason justifying relief from the operation of judgment."

Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Aline Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To qualify for relief under Rule 60(b)(6), plaintiff must "establish the existence of extraordinary circumstances." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012). In addition, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103(9th Cir. 2006) (internal quotation marks and alteration omitted).

II.   **Analysi**s

Plaintiff argues that because he was released from custody shortly after the findings and recommendations were issued he did not have the opportunity to filed objections. Apparently, he wished to file objections that were separate from his August 16 Truth-in-Lending Act arguments. He does not, however, explain what he wished to argue in any objections. Plaintiff states that being homeless recently and trying to keep up with his "extensive" number of court cases caused him to fail to file objections on a timely basis.

Plaintiff fails to show that circumstances beyond his control prevented him from filing objections. Nor, for several reasons, has plaintiff shown that a manifest injustice will result if this case remains closed. First, because plaintiff does not explain any legitimate basis for objections to the findings and recommendations, he fails to show he suffered any injury as a result of his inadvertent failure to file objections. See Latshaw, 452 F.3d at 1103. Second, plaintiff had

multiple opportunities in this case to state a civil rights claim. As the court pointed out previously, plaintiff filed a total of seven complaints in this case, four of which were screened by the court. Plaintiff was instructed numerous times about the standards for pleading a cognizable claim under § 1983. Not once did the court find that he had done so. Plaintiff fails to demonstrate any extraordinary circumstances that would provide a basis for relief from the judgment in this action.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for relief from judgment (ECF No. 71) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0579.60b